WELLS, PETTIT & CO. v. SEQUIN & JOHNSON.

1. LANDLORD'S ATTACHMENT. The attachment of the property of a lessee does not give the court jurisdiction of the interest of his assignee in the same property before such assignee is notified, or his interest is levied upon by regular process.

*Appeal from Lee District Court.*

TUESDAY, OCTOBER 21.

ON the 9th of August, 1859, the plaintiffs rented to Adams & Bruce an undivided one-half interest in a certain pork house and appurtenances, in the city of Keokuk, for $1,750, the lease to expire July 15, 1860. December 24, 1859, the lease was assigned by the lessees to the defendants, Sequin & Johnson. By the terms of the lease, the rent was payable March 1, 1860, on which day the lessors sued Adams & Bruce, and procured an attachment under §§ 1270 and 1271 of the Code. The writ was returned as levied upon " two hundred barrels of pork, being a part of the goods and chattels and personal property, and stock of the tenants of the Des Moines Pork House, as within described, and which has been used on the premises aforesaid, within one year previous hereto, and not exempt from execution." This service was on the day of the date of the writ, and on the 3d day of the same month is this addi-

tional return: "The same was replevied from me by Sequin and Johnson."

June 30, 1860, plaintiffs amended their petition, reciting the contract with Adams & Bruce; the assignment to defendants; that they entered into possession of the premises, and occupied the same as tenants; that they became liable to perform the agreement to pay said rent; and that their personal property used upon said premises during the term was subject to petitioners' lien for said rent.

Defendants were not personally served, nor was any attachment issued, nor their property seized, otherwise than appears from the return to the writ first issued, when the action was against Adams & Bruce alone. After the proper order, "publication of notice" was made through the newspapers, and on the 4th of September, 1860, defendants appeared specially, "to quash the original notice and set aside the service thereof," for the reason, in substance, that the court had no jurisdiction, either of the property or persons of defendants. Motion sustained, and plaintiffs appeal.

*Lomax & Belknap* and *Craig* for appellants.

*Noble & Strong* and *Rankin & Miller* for appellee.

WRIGHT, J. — It will be observed that the question in this case is not whether Sequin & Johnson are proper parties, nor whether they might not be brought in by supplemental petition as persons having an interest in the subject-matter of the litigation. The question is one of jurisdiction and as there was no personal service, it is admitted that *if no property was attached*, it was the duty of the court to dismiss the proceeding as to the appellees. The very point to be determined, then, is whether there was such an attachment as to give the court jurisdiction, not over the persons of appellees, but over their property.

Appellants rest their argument upon three propositions:

1. That the rent sued for is due from Sequin & Johnson.

2. That the property attached is bound for the payment of the rent claimed from them in this action.

3. They were regularly served by publication. The first and third propositions may be admitted, without advancing the argument, for, conceding their liability, and the utmost regularity in the publication of notice, there would still be no jurisdiction, unless acquired by the attachment of the property. At the time this was attached Adams & Bruce were the only persons sued. They were the only ones known to us before the court, as the tenants of the premises. It was *their* property as tenants; *their* property used upon the premises that was ordered to be attached. The law gives the landlord a lien, not upon *all* personal property used upon the demised premises, but upon such as was thus used, and not exempt from execution, belonging to the tenant. When the sheriff made his return, he must necessarily have referred to the tenants named in his writ, and then known to the action. He could not then officially know any other tenants, for he had no command requiring it of him. Notwithstanding the amended petition prays for an attachment, none was issued, and the only property seized was that named in the first return. The prior attachment is not referred to in the petition, nor in any of the subsequent papers. True, the " affidavit for publication of notice " shows that " the action arises on contract; " that " the court has jurisdiction of the subject of the action ;" that " defendants are non-residents, but have property within this state." But until a writ had issued, and been levied upon *the property of these appellees, as tenants*, how could there be jurisdiction? Let it be remembered that jurisdiction is not to be argued or reasoned out by assuming, as true, a probable state of facts, and concluding therefrom that it is right and just that it should attach. Thus

it will not do to say that the appellees were in possession of the premises from the date of their assignment—they were there as tenants—it was the property of tenants that was attached, it must therefore have been theirs, and being theirs, the court had jurisdiction over it, without a new levy, or the issuing of a new writ. Premising that the proceedings are under §§ 1270, 1271, of the Code, and not under the general attachment law, we remark that though appellees were in possession, as tenants, as claimed, and though it was property used on the premises which was seized by the writ, *non constat* that it was theirs. And unless it was, there was no jurisdiction as to them and their property. By going to the further return of the sheriff, that "the property was replevied by appellees," we ascertain that they claimed it, but this claim would not make the prior seizure a levy upon their property to the extent of giving the court jurisdiction over it. This would be conferring or taking jurisdiction by implication, an implication, too, by no means necessary. For, suppose they did claim it, and that it was theirs, as to them there never has been any return that it was used on the demised premises. The return made ought not to conclude or affect them, any more than any other persons not parties to the record.

It is true, that if the property of the tenant is seized, this confers jurisdiction to that extent. But the suit is instituted against a person, and in its inception, at least, is a proceeding *in personam*. If there is no personal service, and publication is made, the property attached only is bound. But to attach the property of one tenant does not give jurisdiction over the interest of all other tenants in that property, until they are notified, or their interest levied upon by due and regular process.

Affirmed.